UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7534-CAS-(JC) | Date | August 31, 2012 |
|---|---|---|---|
| Title | JE. H. ER. H. v. STATE OF CALIFORNIA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants

Not Present   Not Present

**Proceedings:** (In Chambers:) PETITIONERS' PETITION FOR WRIT OF HABEAS CORPUS BY PEOPLE IN STATE CUSTODY (filed August 31, 2012)

## I.   INTRODUCTION

On August 31, pro se petitioners captioned as Je. H. and Er. H. filed a petition for writ of habeas corpus ("Petition") for the release of their six children from the protective custody, naming the State of California, County of Los Angeles, State Superior Court Judge Marguerite D. Downing, Starr Coleman, David H. Cheung, and Dept. of Children and Family Services as custodians.  Petitioners also seek an emergency ex parte hearing pursuant to 28 U.S.C. § 2243 to obtain the immediate release of their children.

Petitioners appear to allege that their children were removed from their custody by the State of California in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  They further allege that no jurisdictional basis exists for the state court's decision depriving them of custody of their children. Petitioners allege that the state court proceeding was a product of prosecutorial vindictiveness over a number of years leading up to the present, including unlawful entries into petitioners' home and unlawful detention of petitioners as various times. Additionally, petitioners ask this Court to stay the pending proceedings in Los Angeles County Superior Court, Case No. CK 57697, during the pendency of this Petition.

UNITED STATES DISTRICT COURT 'O'
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-7534-CAS-(JC) | Date | August 31, 2012 |
| Title | JE. H. ER. H. v. STATE OF CALIFORNIA; ET AL. | | |

## II. DISCUSSION

### A. The Court Is Without Subject Matter Jurisdiction

The district court has the power and the duty to sua sponte raise the adequacy of an applicant's standing to bring suit and the existence of subject matter jurisdiction. Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir. 1994). "Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." Fed.R.Civ.P. 12(h)(3); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

The Court lacks subject matter jurisdiction to entertain the Petition under any of the habeas corpus statutes. Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus. . . only on the ground that [the applicant] is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2255 permits a habeas petition by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." And, similarly, 28 U.S.C. § 2241 extends to "prisoners" in custody under specified circumstances. Therefore, in order to establish subject matter jurisdiction for purposes of habeas review, the applicant must be in custody.

Here, the Petition alleges that Los Angeles County Department of Children and Family Services has illegally taken six children from their parents, petitioners, thus restraining their liberty interests. This type of deprivation, however, does not rise to the level of "custody" required by the habeas statute. See Lehman v. Lycoming County Children's Services, 458 U.S. 502, 512–16 (1982) ("extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts"); Meza v. Riley, CV 11-00943-GAF, 2011 WL 3565241 (C.D. Cal. Aug. 12, 2011) ("Because neither Petitioner nor her daughter

UNITED STATES DISTRICT COURT  'O'
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-7534-CAS-(JC) | Date | August 31, 2012 |
| Title | JE. H. ER. H. v. STATE OF CALIFORNIA; ET AL. | | |

are prisoners in state or federal custody within the meaning of the statute, the Court lacks subject matter jurisdiction to entertain the Petition.").[1]

### B.     A Guardian Ad Litem Must be Appointed

Additionally, petitioners' six children appear to be minors. State law generally provides that litigation on behalf of minors ordinarily must be conducted through a guardian *ad litem*. If no guardian has been appointed for the minor, the federal court will appoint a guardian *ad litem*. Fed. R. Civ. P. Rule 17(c). Petitioners, the parents of the children and non-attorneys, have filed this petition on behalf of their children. The Court notes that petitioners failed to file an Application to be Appointed Guardian *Ad Litem.* Even assuming that he had filed an Application, a non-attorney guardian for a minor must re represented by counsel. See Johns v. County of San Diego, 114 F.3d 874 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("non-attorney may appear *pro se* on his own behalf, but has no authority to appear as an attorney for others."). See also Ezell v. Franklin County Children Services, CV 08-03797-GAF-(VBK), 2008 WL 2872705 (C.D. Cal. June 13, 2008).

### III.   CONCLUSION

In accordance with the foregoing, the Court dismisses this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] Furthermore, under Younger v. Harris, 401 U.S. 37 (1971), abstention is appropriate here in light of the pending state proceedings that petitioners allude to in their Petition.